**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Indra Froehlith;<br><br>  Plaintiff,<br><br> vs.<br><br>Cadtel Systems, Inc., a Delaware corporation;<br><br>  Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Indra Froehlith, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for her Complaint against Defendant Cadtel Systems, Inc., avers as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least two years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least two years prior to the filing of this action, Plaintiff worked at least twenty-five hours in excess of forty (40) hours per week and was not paid time and one-half.

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff Indra Froehlith was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant Cadtel Systems, Inc., was and continues to be an entity organized under the law of the State of Delaware, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

11. On information and belief, Defendant made all managerial and operational decisions on behalf of the business.

12. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1).

13. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

14. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

15. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

16. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

17. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00.

## FACTUAL BACKGROUND

18. Defendant hired Plaintiff beginning in March 2011, as a Project Supporter, and then as a QA Specialist, paying her at the rate of $11.00 per hour.

19. While working as a Project Supporter, Defendant paid Plaintiff as though Plaintiff were an independent contractor, failing to withhold any payroll taxes from Plaintiff's wages and forcing those taxes, including the employer's portion, of such taxes onto Plaintiff in the form of self-employment taxes.

20. Beginning in March 2012, Plaintiff promoted Plaintiff to the position of Data Analyst and compensated her at the semi-monthly rate of $1,458.33.

21. Plaintiff's job duties included data entry and database manipulation, providing user support for automated mapping data configuration, verifying telecommunication drawings to reflect information queried from GIS databases, and making quality assurance drawings to ensure use of proper standards.

22. At no time did Plaintiff supervise or manage any employees or have any authority to hire or to fire.

23. At no time did Plaintiff engage in major decision making as all decisions had to be cleared by a supervisor.

24. Plaintiff did not work independently or use discretion but, instead, simply followed established company procedure and instructions.

25. Defendant had Plaintiff work hours in excess of forty hours per week almost every week of her employment, and Plaintiff's hours worked often exceeded sixty hours per week.

26. For all hours worked in excess of forty hours in a week, Defendant paid Plaintiff at only her regular rate of her pay as an hourly employee.

27. Defendant paid Plaintiff only her "straight time" for hours worked over forty in a week, meaning Defendant paid only Plaintiff's regular rate of pay, and not one and one-half times her regular rate of pay, for each hour worked in excess of forty hours per week.

28. As a salaried employee, at no time did Defendant alter Plaintiff's rate of pay to reflect the number of overtime hours she worked.

29. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to represent her in this matter and has agreed to pay a reasonable attorneys' fee for the law firm's assistance in prosecuting her claims against Defendant.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

30. Plaintiff incorporates and adopts paragraphs 1 through 28 above as if fully set forth herein.

31. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

32. Plaintiff was a non-exempt employee.

33. Defendant has intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

34. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

35. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

36. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

37. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

38. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

39. Defendant has not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover her overtime compensation remaining due and unpaid, and her statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

40. Plaintiff incorporates and adopts paragraphs 1 through 38 above as if fully set forth herein.

41. Plaintiff's working relationship with Defendant was as an employee.

42. Defendant had the right to control the manner in which Plaintiff performed her work as well as to control the work on which Plaintiff labored.

43. Plaintiff had no opportunity for profits other than as determined and directed at the sole discretion of Defendant, and Plaintiff had no liability for any losses of Defendant.

44. Plaintiff employed no other employees or helpers for the completion of tasks assigned by Defendant.

45. Plaintiff worked at facilities owned and controlled by Defendant and used tools and implements of the job, such as computer and telephone equipment, owned and maintained by Defendant.

46. Plaintiff maintained no employment or contractor relationship with any entity other than Defendant.

47. The services rendered by Plaintiff for Defendant were an integral part of Defendant's business.

48. Defendant misclassified Plaintiff as an independent contractor.

49. This misclassification gave Defendant the presumed justification to avoid its payment of employment taxes, improperly shifting the burden onto Plaintiff.

50.   As the direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.  Awarding Plaintiff his general compensatory damages in an amount to be determined by the trier of fact;

b.  Awarding Plaintiff his special, incidental, and consequential damages in an amount to be determined by the trier of fact;

c.  Awarding Plaintiff pre-judgment and post-judgment interest on all amounts awarded at the highest legal rate;

d.  Awarding Plaintiff punitive damages for Defendant's intentional or willfully reckless conduct;

e.  Awarding Plaintiff his costs of litigation pursuant to A.R.S. § 12-341;

f.  Awarding Plaintiff a reasonable attorneys' fee, pursuant to A.R.S. § 12-341.01;

g.  For any further relief deemed just and equitable under the circumstances.

## COUNT THREE
## DECLARATORY JUDGMENT

51.   Plaintiff incorporates and adopts paragraphs 1 through 50 above as if fully set forth herein.

52. Plaintiff and Defendant have a dispute pending relating to the overtime provisions of the FLSA.

53. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

54. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Plaintiff worked in excess of forty hours each week at Defendant's request.

    e. Defendant failed and refused to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty hours per week.

    f. Plaintiff is entitled to payment of her overtime wages and an equal amount as liquidated damages.

    g. Plaintiff is entitled to recover her reasonable costs and attorneys' fees incurred herein.

55. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and

settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

56. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgments Act, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b); and

c. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November 7, 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Attorney for Plaintiffs